**FILED**

NOV - 2 2023

AO 241 (Rev 09/17)
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

No I F P/FF
2:23-cv-1901
15BG/DAD
Related - 15-cv-748

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: | **WESTERN** | |
|---|---|---|---|
| Name (under which you were convicted): RICHARD E. TOKARCIK, JR. | | Docket or Case No.: | |
| Place of Confinement : SCI-HOUTZDALE | | Prisoner No.: | JU-3316 |
| Petitioner (include the name under which you were convicted) RICHARD E. TOKARCIK, JR.   V. | Respondent (authorized person having custody of petitioner) SUPERINTENDENT KLINEFELTER | | |
| The Attorney General of the State of: | PENNSYLVANIA | | |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    COURT OF COMMON PLEAS; COUNTY OF JEFFERSON

    54 JUDICIAL DISTRICT

    BROOKVILLE, PA. 15825

    (b) Criminal docket or case number (if you know):   CP-33-CR-132-2017

2. (a) Date of the judgment of conviction (if you know):   10-19-2017

    (b) Date of sentencing:   2-7-2018

3. Length of sentence:   10 TO 20 YEARS

4. In this case, were you convicted on more than one count or of more than one crime?   ☒ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case:

    criminal attempt-statutory sexual assault ( 3122.1 (b) )  F1 = 10 to 20 years

    contact/communication w/minors ( 6318 (a)(5) )  F3 = 2 1/2 to 5 years

    criminal solicitation-child pornography ( 6312 (d) )  F3 = 3 1/2 to 7 years

    criminal attempt-corruption of minors ( 6301 (a)(1)(i) )  M2 = 2 1/2 to 5 years

    criminal attempt-corruption of minors ( 6301 (a)(1)(i) )  M1 = 2 1/2 to 5 years

    criminal use of a communication facility ( 7512 (a) )  F3 = 2 1/2 to 5 years

6. (a) What was your plea? (Check one)

    ☐  (1)   Not guilty        ☐  (3)   Nolo contendere (no contest)

    ☐  (2)   Guilty            ☐  (4)   Insanity plea

Page 2 of 16

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to? _____

_____

_____

_____

_____

(c) If you went to trial, what kind of trial did you have? (Check one)

      ☒ Jury    ☐ Judge only

7.    Did you testify at a pretrial hearing, trial, or a post-trial hearing?

      ☒ Yes    ☐ No

8.    Did you appeal from the judgment of conviction?

      ☒ Yes    ☐ No

9.    If you did appeal, answer the following:

(a) Name of court:    **Superior Court of Pennsylvania**

(b) Docket or case number (if you know):   **741 WDA 2018**

(c) Result:      **Affirm**

(d) Date of result (if you know):   **Filed 10-30-2019**

(e) Citation to the case (if you know): _____

(f) Grounds raised:   **Whether the record supports the trial court's finding that the facts and**

     **circumstances of Appellant's detention and arrest demonstrate Officer Miller**

     **and Turnbull initiated an investigatory detention based on reasonable**

     **suspicion which, through further investigation, confirmed their suspicions and**

     **evolved into probable cause to arrest Appellant?**

(g) Did you seek further review by a higher state court?   ☒ Yes  ☐ No

    If yes, answer the following:

(1) Name of court:   **Supreme Court of Pennsylvania**

(2) Docket or case number (if you know):   **439 WAL 2019**

(3) Result:     **Request for Allowance of Appeal  Denied**

AO 241 (Rev. 09/17)

(4) Date of result (if you know):          6-9-2020

(5) Citation to the case (if you know):          ———

(6) Grounds raised:          Whether the record supports the Trial Court's finding that

the facts and circumstances of appellant's detention and arrest demonstrate Officer Miller and

Turnbull initiated an investigatory detention based on reasonable suspicion which, through further

investigation, confirmed their suspicions and evolved into probable cause to arrest Appellant?

(h) Did you file a petition for certiorari in the United States Supreme Court?          ☐ Yes          ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):          ———

(2) Result:          ———

(3) Date of result (if you know):          ———

(4) Citation to the case (if you know):          ———

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?          ☒ Yes          ☐ No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:          Trial Court

(2) Docket or case number (if you know):          CP-33CR-132-2017

(3) Date of filing (if you know):          2-20-2018

(4) Nature of the proceeding:          Post Sentence Motions

(5) Grounds raised:          Motion for Aquittal:

   1) Weight and sufficiency of evidence to overcome entrapment defense.

   2) Motion to suppress evidence          ( EXHIBIT 1-a,b)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☒ No

(7) Result:          Denied

AO 241 (Rev. 09/17)

(8) Date of result (if you know):    3 - 28 - 2018

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes        ☐ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes     ☐ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion? _____

    (1) First petition:    ☒ Yes    ☐ No

    (2) Second petition:   ☐ Yes    ☐ No

    (3) Third petition:    ☐ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

12.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   Reasonable suspicion for the traffic stop did not warrant probable cause for the Second Officer to initiate the de fact arrest

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

———————— ( See attached page 6 (a) of 16 ) ————————

(b) If you did not exhaust your state remedies on Ground One, explain why:

GROUND ONE:    Reasonable suspicion for the traffic stop did not warrant probable cause for
                the Second Officer to initiate the de facto arrest


(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

While portraying two minor females Brookville Borough Police Officer Turnbull initiated several
text messaging conversations with an individual named "Adam" that the Officer believed
constituted a diversity of criminal acts by "Adam". From the content of the text messages the
Officer believed "Adam" was an older gentleman. "Adam" informed the officer he was
operating a vehicle that "rattles", and "does not have a CD player" which the Officer used to
assume that the vehicle must be an "older vehicle". At 1:16 a.m. "Adam" informed the Officer
that he was at a specific location (the carwash). "Adam" is an anonymous individual unknown
to the police.
The information was relayed to a Second Officer who was sent to the carwash several minutes
later. While enroute to the carwash the Second Officer observed a "ford truck" coming from
the "general vicinity" which the Officer "absolutely" knew was the suspect. In determining the
age of the "ford truck" the Second Officer also testified that "I would guess--I don't know--the
exact age", but it looked older. The Second Officer made no confirmation as to the rattles, or
the CD player; nor did the Second Officer verify the operator to be an older gentleman, or an
individual named "Adam". The Second Officer then conducted a traffic stop, and without
attaining any visual or verbal validation from the unknown occupant the Second Officer
initiated the arrest of the Appellant (as determined by the Pennsylvania Superior Court on
direct appeal) by ordering the Appellant "out [of the vehicle] at gun point and had him lay on
the ground" until the First Officer arrived. The First Officer immediately handcuffed the
Appellant, took possession of his drivers license, read him his miranda rights, and moved him
to a secure location. During this time neither Officer attempted to confirm or dispel their belief
that the Appellant was the suspect.
Officer Miller's (the Second Officer) sighting of [Appellant's] vehicle was not contemporaneous
(it took him sever minutes to get to the area), and he did not see the vehicle exiting the
carwash parking lot (he testified it was in the "general vicinity"). Officer Turnbull's (the First
Officer) did not immediately identify the person lying on the pavement as an older man (he
testified he seen "an individual proned out appeared to be male"), and he made no reference
as to the vehicle's rattles or the CD player. The Police received no information indicating the
suspect had a weapon of any type, nor was there any information indicating the suspect was a
concern for anyone's safety. The police arrested the Appellant (named Richard) who was not
an older gentleman for driving his "[89] ford truck" on a residential street open to the public.

AO 241 (Rev. 09/17)

(c)    **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?      ☒ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

**(d) Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ☒ Yes    ☐ No

    (2) If your answer to Question (d)(1) is "Yes," state:

    Type of motion or petition:    *PoST Conviction RelieF Act PeTition*

    Name and location of the court where the motion or petition was filed:    *CoURT oF Common Pleas*

                                          *JeFFeRSon County PennsyLvania*

    Docket or case number (if you know):    *CP- 33 - CR - 132 - 2017*

    Date of the court's decision:    *10 - 20 - 2020*

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (3) Did you receive a hearing on your motion or petition?      ☐ Yes    ☒ No

    (4) Did you appeal from the denial of your motion or petition?      ☒ Yes    ☐ No

    (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

    (6) If your answer to Question (d)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:    *SupeRioR CouRT oF PennsyLvania*

_____

    Docket or case number (if you know):    *25 WDA 2021*

    Date of the court's decision:    *3 - 11 - 2022*

    Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

    (7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

AO 241 (Rev. 09/17)

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have

used to exhaust your state remedies on Ground One:        Request for Allowance of Appeal

to Supreme Court of Pennsylvanid: Denied    11-29-2022

---

GROUND TWO:        Ineffective assistance of counsel for failing to object to the use of text messages that were used as hearsay; and not properly authenticated.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

——————— ( See attached page 8 (a) of 16 ) ———————

(b) If you did not exhaust your state remedies on Ground Two, Explain why:

(c)    **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction; did you raise this issue?        ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:        Can not claim Counsel's
ineffectiveness while still represented by that counsel

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:        Post Conviction Relief Act Petition

Name and location of the court where the motion or petition was filed:        Court of Common Pleas,
Jefferson County Pennsylvania

Docket or case number (if you know):        CP-33-CR-132-2017

GROUND TWO:    Ineffective assistance of counsel for failing to object to the use of text messages that were used as hearsay; and not properly authenticated.

(a) supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

The Commonwealth read aloud and entered hearsay evidence at Appellant's trial consisting of approximately 250 text messages sent from a cellular telephone bearing the number 814-541-5490 between January 6, 2017 at 2:04 p.m., and January 8, 2017 at 1:16 a.m. authored by an individual named "Adam". The content of the text messages reveals "Adam" to be the author. Wherein "Adam" admitted to being the author. "Adam" did not testify.

There was no evidence presented to authenticate the text messages as being authored by the Appellant. There was no proof presented to show the Officer confirmed the phone and number associated with it is registered to the Appellant. The Appellant wrote several letters to trial counsel informing counsel that the Appellant is not the owner of the phone or the number associated with that phone. A warranted search of the phone's sim card (subscriber identification module) reveals the true owner of the phone and the number associated with the phone as Pamala Vaux (Exhibit AA).

The Appellant's possession of the phone was at a different time of when the text messages were transcribed and sent, and there was absolutely no evidence that the Appellant was in possession of the phone when the text messages were transcribed and sent. There was no witness to Appellant using the phone.

It was never determined that "Adam" was the fictitious name the Appellant was using. Officer testimony declared that the Appellant confessed during the time the patrol car's MVR (mobile video recorder) recorded the entire encounter, but, the video was lost due to a "server crash that lasted 3 or 4 days". The Appellant has always proclaimed he has never confessed (Sent. trans. page 6: line 5-6). On October 14, 2022 the Appellant received newly-discovered facts in the form of a letter dated October 5, 2022 from the Brookville Borough Manager, Dana D. Rooney, declaring there was no server crash as testifyed to by the officer. The Officer testified falsely about the loss of the evidence, which is in bad faith, to withhold potentially useful evidence that will impeach his own testimony.

The text messages was the only evidence the commonwealth had that a crime was committed. Had the text messages been suppressed there would be no crime committed, and the Appellant would not have been convicted.

AO 241 (Rev. 09/17)

Date of the court's decision:    .     10-20-2020

Result (attach a copy of the court's opinion or order, if available): _____

(3) Did you receive a hearing on your motion or petition?     ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     **Superior Court of Pennsylvania**

Docket or case number (if you know):     **25 WDA 2021**

Date of the court's decision:     **3-11-2022**

Result (attach a copy of the court's opinion or order, if available): _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: _____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Two :     **Request for Allowance of Appeal**

**to Supreme Court of Pennsylvania:   Denied   11-29-2022**

**GROUND THREE:**     **Newly-Discovered facts that prove the Government lied to withhold potentially useful exculpatory and impeachment evidence.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

**( See attached page 9 (a) of 16 )**

GROUND THREE:    Newly-Discovered facts that prove the Government lied to withhold
potentially useful exculpatory and impeachment evidence.

(a) Supporting facts (Do not argue or cite law. Just state the facts that support your claim.):

**Issue (A):  Discovery violation for withholding patrol car's MVR (Mobile Video Recorder)**

Brookville Borough Police Officer Turnbull's trial testimony reveals the patrol car's MVR recorded the entire encounter with the Appellant(Id at 36:21-25, 37:1-5); and was automaticlly down loaded through a secure WiFi network through the police station(Id at 89:9-15). Trial Counsel made multiple discovery requests for this evidence. The Commonwealth never produced the video. At trial Officer Turnbull's testimony declared the video was lost due to a "server crash that lasted 3 or 4  days"(Id at 89:20-22, 90:2). However, on October 14, 2022 the Appellant received newly-discovered facts in the form of a letter dated October 5, 2022 from the Brookville Borough Manager, Dana D. Rooney stating there was no server crash as testified to by the Officer(exhibit D). Officer testimony reveals the video was in the possession of the police prior to trial, and the newly-discovered facts show the video was never lost. The video from the MVR is potentially useful evidence for impeachment purposes, and the false testimony by the officer is a showing of bad faith to withhold it from defense. The video would impeach the Commonwealth's witness and the Appellant could not have been convicted.

**Issue (B):  Discovery violation for withholding Appellant's statement**

Brookville Borough Police Officer Turnbull's trial testimony reveals the Appellant gave a statement while being interrogated at the police station(Id at 80:2-14). Trial Counsel made multiple discovery requests for this evidence. The Commonwealth never produced this statement. At trial Officer Turnbull's testimony declared the Appellant's statement was not recorded because the "police station is not equipped with recording capability"(Id at 96:6-7). However, on August 4, 2022 the Appellant received newly-discovered facts in the form of a letter dated July 27, 2022 from the Brookville Borough Manager, Dana D. Rooney stating the police station acquired video capability on August 17, 2015(Exhibit F). The newly-discovered facts show the police station is equipped with 24 hour recording capability that would have recorded the area of the Appellant's interrogation, and Officer testimony reveals it was in the possession of the police. The Appellant's recorded statement is potentially useful evidence for impeachment purposes, and the false testimony by the officer is a showing of bad faith to withhold it from defense. The statement would have impeached the Commonwealth's witness and the Appellant could not have been convicted.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: ——— PenDing

---

(c)    **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: can not claim Counsel's Inctfectiveness while still Reprcscnted by that Counsel

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: Post Conviction RelicF act Petition

Name and location of the court where the motion or petition was filed: Court oF Common Pleas Jefferson County, Pennsylvania

Docket or case number (if you know): CP - 33 - CR - 132 - 2017

Date of the court's decision: 1-12-2023

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☒ No

(4) Did you appeal from the denial of your motion or petition?    ☒ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?    ☒ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court oF Pennsylvania

Docket or case number (if you know): 166 WDA 2023

Date of the court's decision: pending

Result (attach a copy of the court's opinion or order, if available):

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three:

GROUND FOUR:   Ineffective assistance of counsel for failing to raise a claim that the government
failed to preserve evidence expected to play a role in the suspects defense.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

———————— ( See attached page 11 (a) of 16 ) ———————————

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)     **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐  Yes      ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:    can not claim counsel's
ineffectiveness while still Represented by that counsel

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes      ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:    Post Conviction Relief act Petition

GROUND FOUR:    Newly-Discovered facts of ineffective assistance of counsel's failure to discover potentially useful impeachment evidence

(a) supporting facts (Do not argue or cite law. Just the facts that support your claim.):

### Issue (A)  The patrol car's MVR (mobile video recorder)

Brookville Borough Police Officer Turnbull's trial testimony reveals the patrol car's MVR recorded the entire encounter with the Appellant, and was automatically down loaded through a secure WiFi through the police station. The Commonwealth never produced this video. At trial Officer Turnbull's testimoy declaired the MVR was lost due to a "server crash that lasted for 3 or 4 days". However, on October 14, 2022 the Appellant received newly-discovered facts in the form of a letter dated October 5, 2022 from the Brookville Borough Manager, Dana D. Rooney, stating there was no server crash as testified to by the Officer. The newly-discovered facts show the video was never lost, and the police had possession of it prior to trial. Trial counsel was ineffective for failing to discover the video. The video is potentially useful impeachment evidence and the false testimony by the Officer's is in bad faith to withhold the video from from defense. The video would impeach the Commonwealth's witness and removed any evidence against tha Appellant and the jury could not have convicted the Appellant.

### Issue (B)  The Appellant's statement while at the police station

Brookville Borough Police Officer Turnbull's trial testimony reveals the Appellant gave a statement while being interrogated at the police station. The Commonwealth never produced this statement. At trial Officer Turnbull's testimony declared the Appellant's statement was not recorded because the "police station is not equipped with recording capability". However, on August 4, 2022 the Appellant recieved newly-discovered facts in the form of a letter dated July 27, 2022 from the Brookville Borough Manager, Dana D. Rooney stating the police station is equipped with recording capability that was obtained on August 17, 2015. The newly-discovered facts show the police station is equipped with 24 hour recording capabiliy that would have captured the area of the Appellant's interrogation. The police had possession of the statement prior to trial. Appellant's statement is potentially useful impeachment evidence and the false testimony of the Officer is in bad faith to withhold the statement from defense. The statement would have impeached the Commonwealth's witness and removed any evidence against the Appellant and the jury could not have convicted the Appellant.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: Court of Common Pleas Jefferson County, Pennsylvania

Docket or case number (if you know): CP-33-CR-132-2017

Date of the court's decision: 1-12-2023

Result (attach a copy of the court's opinion or order, if available): _____

_____

(3) Did you receive a hearing on your motion or petition?          ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?          ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Superior Court of Pennsylvania

Docket or case number (if you know): 166 WDA 2023

Date of the court's decision: Pending

Result (attach a copy of the court's opinion or order, if available): _____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

AO 241 (Rev. 09/17)

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

       having jurisdiction?   ⚆ Yes    ☒ No

       If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

       presenting them:    GROUNDS 3 and 4 are Pending in.

       The Pennsylvania Superior Court

    (b)   Is there any ground in this petition that has not been presented in some state or federal court? If so, which

       ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?   ☐ Yes    ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☒ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.    Superior Court of Pennsylvania ; 166 WDA 2023 ;

    Post Conviction Relief act Petition ; Ground 3 and 4 of this Petition

AO 241 (Rev. 09/17)

16.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  John Ingros, Jefferson County Public Defender
200 main sT., Brookville, Pa. 15825

(b) At arraignment and plea:  John Ingros, Jefferson County Public Defender
200 main sT., Brookville, Pa. 15825

(c) At trial:  John Ingros, Jefferson County Public Defender
200 main sT., Brookville, Pa. 15825

(d) At sentencing:  John Ingros, Jefferson County Public Defender
200 main sT., Brookville, Pa. 15825

(e) On appeal:  John Ingros, Jefferson County Public Defender
200 main sT., Brookville, Pa. 15825

(f) In any post-conviction proceeding:  George Daghir,
P.O. Box 404, sT. marys, Pa. 15857

(g) On appeal from any ruling against you in a post-conviction proceeding:  involunTary Pro se

17.  Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?       ☐ Yes   ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:  ———

(c) Give the length of the other sentence:  ———

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?       ☐ Yes   ☐ No

18.  TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

(1) A one-year period of LimiTaTion shall apply To an application For a writ of habeas corpus by a person in CusTody pursuant To the Judgment of a state CourT. The LimiTaTion period shall Run From the LaTest of — (A) The Date on which The Judgment became Final by the ConclusioN of DirecT Review or The expiraTion of

Page 14 of 16

AO 241 (Rev. 09/17)

expiration of the time for seeking such Review ; (2) The Time During which a properly filed application for State Post - Conviction or other collateral Review with Respect To the pertinent Judgment or claim is pending shall not be counted Toward any period of Limitation under This subsection

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  *A new Trial, or Released*

*From custody and Discharged*

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on  *10-27-2023*  (month, date, year).

Executed (signed) on  *10-27-2023*  (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____